# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JESSICA THOMAS,**

           **Plaintiff,**     :

  v.                                **Case No. 2:21-cv-1117**
                                    **Judge Sarah D. Morrison**
                                    **Magistrate Judge Kimberly A.**
**COLUMBUS CITY SCHOOLS,** *et*         **Jolson**
*al.*,                        :

           **Defendants.**

## OPINION AND ORDER

Plaintiff Jessica Thomas, proceeding without assistance of counsel, first filed this action on March 15, 2021. (ECF No. 1.) She filed an Amended Complaint two days later. (Am. Compl., ECF No. 6.) The Amended Complaint asserts claims against Defendant Columbus City Schools alone. (*Id.*) This matter is presently before the Court for consideration of Columbus City Schools' Motion to Dismiss. (Mot., ECF No. 9.) Ms. Thomas filed a response (Resp., ECF No. 15) and Columbus City Schools replied (Reply, ECF No. 17).[1] Ms. Thomas has since filed two motions for leave to amend her complaint. (ECF Nos. 22, 23.) For the reasons set forth

---

[1] Ms. Thomas also filed an amended response in opposition to Columbus City Schools' motion. (ECF No. 18.) Ms. Thomas did not move for leave to amend her response or provide any reason demonstrating good cause for doing so. (*See* S.D. Ohio Civ. R. 7.2(a)(2) ("No additional memoranda beyond those enumerated [(one response by non-movant and one reply by movant)] are permitted except upon leave of court for good cause shown.").) Further, Columbus City Schools argues that the amended response asserted "no new substantive matters." (ECF No. 19.) The Court agrees. Accordingly, although the Court has reviewed Ms. Thomas's amended response, it treats the original response (ECF No. 15) as the operative brief.

below, Columbus City Schools' Motion to Dismiss is **GRANTED** and Ms. Thomas's motions for leave to amend are **DENIED AS MOOT**.

I.  BACKGROUND

The Amended Complaint provides scant detail. It is, at times, challenging to discern the events giving rise to Ms. Thomas's claims. The Court's best effort is below.

Ms. Thomas began working for Columbus City Schools as a strings instructor in June 2015. (Am. Compl., PAGEID # 37.) On September 19, 2018, Ms. Thomas met with Columbus City Schools' Executive Director of HR, Mira Wright. (*Id*. at PAGEID # 36.) At that meeting, Ms. Wright placed Ms. Thomas on an "administrative paid medical leave/fitness for duty leave," allegedly "because [Ms. Thomas] disclosed that [she] was receiving professional clinically counseling" and had mental health diagnoses, including depression. (*Id*. at PAGEID # 36–37.) Ms. Wright also promised to "investigate all of [Ms. Thomas's] complaints"—of an unspecified nature—while she was on leave. (*Id*. at PAGEID # 37.) At a subsequent meeting, Ms. Wright told Ms. Thomas that she was placed on leave "because 'some people felt disrespected,' and that [the leave] was a 'break' for [Ms. Thomas] to 'calm down.'" (*Id*.)

On December 10, 2018, Ms. Wright advised Ms. Thomas that she "could be cleared" to return to work "if [she] provided a note from [her] physician." (*Id*. at PAGEID # 36.) One week later, Ms. Thomas produced such a note—but her return-to-work request was denied. (*Id*.) She was instead instructed to "provide a note from [her] counselor." (*Id*.) The Amended Complaint does not expressly indicate whether

2

Ms. Thomas provided a note from her treating counselor. But, on January 7, 2019, Columbus City Schools more specifically instructed that Ms. Thomas present "a note from a psychologist with a PhD." (*Id*.) The Amended Complaint further alleges that Columbus City Schools required Ms. Thomas's return-to-work clearance / Fitness-for-Duty examination to be completed by a specific psychologist with whom the district had contracted. (*Id*. at PAGEID # 37.) Ms. Thomas alleges she never received a copy of the clearance. (*Id*.) Nonetheless, she returned to work on March 4, 2019. (*Id*. at PAGEID # 36.)

> The Amended Complaint contains the following additional allegation:
>
> Throughout my final 2 years of working for the defendant, from HR and under 2 administrators that I reported to and made complaints about, whistleblew on, and asked for reassignment from (Dr. Betty Hill and Sherri Williams nee Edwards), I experienced several incidences of Hostile Work Environment, Retaliation, Harassment, Whistleblower Harassment, Constructive [Discharge], and Unlawful Disciplinary Action (which was placed in the public record of my personnel file – this equates to libel). These actions exacerbated and elongated my conditions of Depression and OCD, and ultimately led me to resign from my position [on May 29, 2020] in order to preserve my mental health.

(*Id*. at PAGEID # 37.) The Amended Complaint does not elucidate the nature or of Ms. Thomas's complaints, to whom or when those complaints were made, or the incidences of alleged harassment she suffered as a result. It is also not clear whether these complaints are the same as those mentioned by Ms. Wright at the September 2018 meeting.

Finally, the Amended Complaint makes clear that Ms. Thomas was never made aware of any issues with her performance, and received the "highest possible rating" in evaluations covering her third and fifth teaching years. (*Id*.)

3

The above allegations are offered in support of Ms. Thomas's claims for violations under the Americans with Disabilities Act ("ADA"), the Family Medical Leave of Act ("FMLA"), and Ohio employment and whistleblower protection laws.

## II. MOTION TO DISMISS

Columbus City Schools moves to dismiss Ms. Thomas's Amended Complaint under Rules 12(b)(1) and 12(b)(6).

### A. Standards of Review

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the court therefore takes the allegations in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(1)). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumption of truth applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). When subject matter jurisdiction is challenged, "the plaintiff has the burden

4

of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Rule 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). *See also* Fed. R. Civ. P. 8(a). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, she still

5

must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### B. Ms. Thomas's ADA claim cannot proceed for failure to exhaust administrative remedies.

Columbus City Schools first argues that Ms. Thomas's ADA claim must be dismissed for failure to exhaust administrative remedies.[2] The Court agrees.

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the [Equal Employment Opportunity Commission ('EEOC')] within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. §§ 12117(a), 2000e–5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). "Federal courts do not have subject matter jurisdiction of ADA claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Perry v. Am. Red Cross Blood Servs.*, 651 F. App'x 317, 324 (6th Cir. 2000) (internal quotation and alteration omitted). Accordingly, "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of . . . [an] ADA action." *Williams v. Nw. Airlines*, 53 F. App'x 350, 351 (6th Cir. 2002) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

---

[2] Columbus City Schools further argues that Ms. Thomas's ADA claims are time-barred. (Mot., 9.) Because the failure to exhaust is dispositive, the Court does not discuss the statute of limitations argument.

Ms. Thomas admits that she did not file an EEOC charge alleging that Columbus City Schools discriminated against her on the basis of disability. (*See* Am. Compl., 5; Resp., 1.) Columbus City Schools adds that there can be no doubt that the 300-day window available for filing a charge has closed, given that Ms. Thomas resigned her position as a Columbus City Schools employee more than 300 days before filing this suit. (Mot., 8.) Although the clock counting 300 days may be tolled, "[f]ederal courts apply equitable tolling sparingly." *Williams*, 53 F. App'x at 352 (citing *Irwin*, 498 U.S. at 96). For equitable tolling to apply, a "plaintiff must demonstrate facts showing [her] diligence in pursuing the claim." *Id.* (citing *Morgan v. Washington Mfg. Co.*, 660 F.2d 701, 712 (6th Cir. 1981)). Ms. Thomas offers, without elaboration, that she "was attempting to resolve the matter internally over a period of 2 years." (Resp., 1.) That is not a sufficient demonstration of diligence. Accordingly, Ms. Thomas failed to timely exhaust her administrative remedies.

Columbus City Schools' motion to dismiss Ms. Thomas's ADA claim is **GRANTED**.

    **C.**    **Ms. Thomas's FMLA claim, as pled, is barred by the statute of limitations.**

Columbus City Schools next argues that Ms. Thomas's FMLA claim is time-barred. An FMLA claim is subject to a two-year statute of limitations, except to the extent that the violation was "willful," in which case the statute of limitations is three years. 29 U.S.C. § 2617. "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Williams*, 53 F. App'x at 352 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128,

7

132–35 (1988)). The statute of limitations begins to run on "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c). Columbus City Schools argues that Ms. Thomas has not alleged a willful violation of the FMLA, and so her FMLA claim is barred by the two-year statute of limitations.[3] (Mot., 12.) Again, the Court agrees.

In her Amended Complaint, Ms. Thomas alleges that Columbus City Schools violated the FMLA on December 17, 2018, by denying her request to return to work. (Am. Compl., PAGEID # 36.) According to Ms. Thomas, she was told that she "needed to provide a note from [her] counselor" supporting a return to work, when she had provided only a release from her physician. (*Id*.) Ms. Thomas further alleges that Columbus City Schools "intentionally repeated this FMLA violation" on January 7, 2019" when she "was told that [she] instead need to provide a note from a psychologist with a PhD," and then from a specific psychologist. (*Id*. at PAGEID # 36–37.) Ms. Thomas ultimately returned to work on March 4, 2019. (*Id*. at PAGEID # 36.) Ms. Thomas initiated this action two years and eleven days later, on March 15, 2021. (*See* ECF No. 1.) Accordingly, Ms. Thomas's FMLA claim is time-barred *unless* she has adequately pled that Columbus City Schools willfully violated the FMLA.

---

[3] Columbus City Schools makes additional arguments, including that Ms. Thomas's FMLA claim is not facially plausible, is not legally cognizable, and is otherwise not adequately pled. (*See* Mot., 10–15.) Because the statute of limitations is dispositive of Ms. Thomas's FMLA claim, the Court does not address those additional arguments.

8

Under Sixth Circuit precedent, "the central inquiry in determining whether a violation of the FMLA is willful is 'whether the employer intentionally or recklessly violated the FMLA.'" *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (quoting *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417 (6th Cir. 2005)). "A plaintiff 'must do more than make the conclusory assertion that a defendant acted willfully.'" *Id.* (quoting *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)). *See also Roller v. Brennan*, 2:17-cv-241, 2018 WL 4405834, at *4 (S.D. Ohio Sept. 17, 2018) (Preston Deavers, M.J.) (noting that *Iqbal* and *Twombly* require a plaintiff to do more than make "conclusory assertions and bare recitations of . . . defendants' state of mind"). In this regard, the Amended Complaint falls far short. Ms. Thomas concludes that Columbus City Schools "intentionally" violated the FMLA, and that its allegedly offensive actions were "willful." (Am. Compl., PAGEID # 36.) But she alleges no facts supporting that conclusion. Nothing in the Amended Complaint gives rise to an inference that Columbus City Schools acted with knowledge that its conduct was prohibited by the FMLA, or with reckless disregard to Ms. Thomas's rights under the FMLA. In short, Ms. Thomas has failed to plead willfulness. Accordingly, her FMLA claim, as pled, is subject to and barred by the two-year statute of limitations.

Ms. Thomas argues for the opposite conclusion, asserting that her claim was brought within even the two-year statute of limitations. (Resp., PAGEID # 79.) In Ms. Thomas's view, her lost income "well into May of 2019 due to having to remain on unpaid FMLA leave" and May 2020 resignation, which she states was required

9

"to preserve [her] mental health after enduring multiple traumas by the defendant . . . including both the trauma and the injustice of non-resolution of the FMLA violation . . . ," evidence the timeliness of her complaint. (*See id.*) As noted above, the statute of limitations begins to run on the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c). There is a "subtle" but important difference between an unlawful act and the continuing effects of past unlawful acts. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 858 (6th Cir. 2003). *See also Joishy v. Cleveland Clinic Found.*, 3 F. App'x 259, 261 (6th Cir. 2001) (noting, in the Title VII context, that "[c]onsequences of past acts . . . are insufficient to establish present acts of discrimination and will not extend or toll the limitations period") (citation omitted). Ms. Thomas's FMLA claim may proceed only if the event itself falls within the limitations period; her lost income and resignation are instead mere consequences of prior events. *Cf.*, *Pittman v. Spectrum Health System*, 612 F. App'x 810, 814 (6th Cir. 2015) (collecting cases applying same in various legal contexts).

Columbus City Schools' motion to dismiss Ms. Thomas's FMLA claim is **GRANTED**.

### D. The Court declines to exercise pendent jurisdiction over Ms. Thomas's remaining state law claims.

Finally, Columbus City Schools argues that this Court should decline to exercise jurisdiction over the remaining state law claims, in light of the federal claims' dismissal. Once more, the Court agrees. "[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims." *Brown v. Cassens Transport Co.*, 546 F.3d

10

347, 363 (6th Cir. 2008) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Nothing about this case takes it outside the scope of that general rule. The Court declines to exercise pendent jurisdiction over Ms. Thomas's state law claims.

Columbus City Schools' motion to dismiss Ms. Thomas's state law claims is **GRANTED**.

### III. MOTIONS FOR LEAVE TO AMEND

Ms. Thomas's two pending motions for leave to amend her Amended Complaint seek only to add a prayer for significant compensatory damages attributable to pain and suffering. (*See* ECF Nos. 22, 23.) Ms. Thomas's motions for leave to amend are **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, Columbus City Schools' Motion to Dismiss (ECF No. 9) is **GRANTED**. Accordingly, Ms. Thomas's Amended Complaint (ECF No. 6) is **DISMISSED** and her two pending motions for leave to amend (ECF Nos. 22, 23) are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**